**[J-35-2025] [MO:Todd, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| IN RE: M.L.R., A MINOR | : | No. 2 MAP 2025 |
| | : | |
| | : | Appeal from the Order of the |
| APPEAL OF: E.L.R., MOTHER AND | : | Superior Court at No. 623 EDA |
| M.L.R., A MINOR | : | 2024, entered on October 9, 2024, |
| | : | Vacating the Decree of the |
| | : | Montgomery County Court of |
| | : | Common Pleas, Orphans' Court |
| | : | Division, at No. 2022-A0133, entered |
| | : | on January 26, 2024. |
| | : | |
| | : | ARGUED: September 11, 2025 |

**DISSENTING OPINION**

**JUSTICE WECHT**                             **DECIDED: February 18, 2026**

Along the way to upholding the Superior Court's decision in this case, the Majority opts to reaffirm *In re Adoption of M.E.L.*, 298 A.3d 118 (Pa. 2023).[1] Because I continue to believe that *M.E.L.* was incorrectly decided,[2] I respectfully dissent.

In this case, E.L.R. ("Mother") filed a petition to terminate the parental rights of M.V.D ("Father"). Following an evidentiary hearing, the trial court determined that Mother had demonstrated cause, pursuant to 23 Pa.C.S. § 2901, to excuse her noncompliance with the adoption averment requirement of 23 Pa.C.S. 2512.[3] The Superior Court reversed, based largely upon this Court's decision in *M.E.L.*

---

[1] Maj. Op. at 26-27.

[2] *See M.E.L.*, 298 A.3d at 129-40 (Wecht, J., concurring and dissenting).

[3] Trial Court Opinion, 1/26/2024, at 9-10. 23 Pa.C.S. § 2512 details the requirements for a petition to involuntarily terminate parental rights. A parent-filed petition must "contain an averment that the petitioner will assume custody of the child until such (continued…)

Mother argues that *M.E.L.* was decided incorrectly. Responding to those arguments, the Majority, highlighting that there was no pending adoption in this case, holds that "there is no basis upon which Mother may invoke Section 2901's 'cause shown' exception."[4] The Majority opines that, "[a]s there is no contemplated adoption of [the child] in the instant case, excusing Mother from Section 2711(d)'s relinquishment requirement based on Section 2901's cause shown exception would not further the purpose of the Act."[5] Thus, the Majority rejects Mother's request to overturn *M.E.L.*, and instead reaffirms that holding.[6]

In *M.E.L.*, the mother and her domestic partner, who were not married, petitioned to terminate the father's parental rights.[7] They also filed a notice of intent to adopt, indicating that the partner intended to adopt the child. The trial court terminated the father's parental rights, finding that grounds for termination had been proven and that termination (and adoption) was in the child's best interests.[8]

The Superior Court vacated the order. Section 2711 "requires the parent seeking termination [of the other parent's rights] to consent to the adoption, which entails relinquishing his or her own parental rights."[9] 23 Pa.C.S. § 2903 provides an exception to this relinquishment requirement for the circumstance in which it is the petitioning parent's spouse who proposes to adopt. The Superior Court noted that Section 2903 did

---

time as the child is adopted." 23 Pa.C.S. § 2512(b)(2). Mother did not include such an averment in her petition.

[4]    Maj. Op. at 24.

[5]    *Id.* at 25. *See* 23 Pa.C.S. § 2711.

[6]    Maj. Op. at 26.

[7]    *M.E.L.*, 298 A.3d at 120.

[8]    *Id.* at 120-21.

[9]    *Id.* at 121.

not apply on the facts of *M.E.L.* because the mother and the partner were not married. The panel observed that the mother had not argued before the trial court that there was cause pursuant to Section 2901[10] to excuse compliance with the Adoption Act. Thus, the Superior Court remanded "to determine whether [the mother] satisfied the 'cause shown' exception to permit the proposed adoption without requiring [the mother] to relinquish her parental rights."[11]

This Court accepted review in order to determine whether a parent may establish cause shown pursuant to Section 2901 when the proposed adoption is by a non-spouse.

After reviewing precedent, this Court held: "to satisfy the cause exception to relinquishment under Section 2901 two things must be established. A party must first show why he or she cannot meet the statutory requirements for adoption. . . . Upon this showing, the party may *then* appeal to the court's discretion by demonstrating with clear and convincing evidence why the purpose of Section 2711(d) would nevertheless be fulfilled or unnecessary in their case. . . ."[12] The Court insisted that the mother must first demonstrate why she and the partner could not marry, because otherwise the "exception would swallow the rule."[13] Since existing precedent involved cases in which the parties

---

[10]    Section 2901 provides:

Unless the court for cause shown determines otherwise, no decree of adoption shall be entered unless the natural parent or parents' rights have been terminated, the investigation required by section 2535 (relating to investigation) has been completed, the report of the intermediary has been filed pursuant to section 2533 (relating to report of intermediary) and all other legal requirements have been met. If all legal requirements have been met, the court may enter a decree of adoption at any time.

[11]    *M.E.L.*, 298 A.3d at 123.

[12]    *Id.* at 127 (emphasis in original).

[13]    *Id.* at 128.

were legally unable to marry,[14] the Court faulted the mother for failing to "allege any legal impediment" that would prevent her and the partner from marrying, which would bring them within the safe harbor of Section 2903.[15]

I did not join this interpretation of the adoption statute, an interpretation whose restrictiveness I found unsupported by the statute's text. I observed that Section 2901's cause-shown provision confers discretion in the court to excuse compliance with statutory requirements related to an adoption. "The General Assembly expressly listed three of the legal requirements—termination of parental rights of the child's parent or parents; a completed Section 2535 investigation; and a filed Section 2533 report of intermediary— and concluded with a catchall—'all other legal requirements.'"[16] "[T]he General Assembly clearly and unambiguously used broad, open-ended language in Section 2901 to vest the trial court with discretion to deviate from statutory requirements for cause shown."[17]

I rejected the Majority's two-step approach. I noted that "[t]he General Assembly did not mandate any prior demonstration of incapacity to satisfy the statutory requirements as a condition precedent to invocation of" Section 2901.[18] Nothing in the language of Section 2901 suggests that a legal impediment must be demonstrated before cause may be shown. The two-step rubric that *M.E.L.* adopted "foist[s] a burden onto petitioners that that statutory language does not expressly contain."[19] Without legislative

---

[14]    See *In re Adoption of M.R.D.*, 145 A.3d 1117 (Pa. 2016) (proposed adoption by the child's mother and maternal grandfather); *In re Adoption of R.B.F.*, 802 A.2d 1195 (Pa. 2002) (proposed adoption by same-sex partners prior to the legalization of same-sex marriage).

[15]    *M.E.L.*, 298 A.3d at 128.

[16]    *Id.* at 133 (Wecht, J., concurring and dissenting).

[17]    *Id.* at 135.

[18]    *Id.* at 133.

[19]    *Id.* at 134.

warrant, it imposes a "subordination of Section 2901 to Section 2903."[20] Here, as in *M.E.L.*, I remain "unconvinced that Section 2901 . . . justifies the Majority's two-step process."[21]

Properly understood, the statute "permit[s] trial courts to scrutinize each non-conforming adoption case for a sufficient showing of cause."[22] It should be emphasized that the trial court's discretion to excuse compliance should not be wielded "lightly or indiscriminately."[23] Despite the broad discretion conferred in Section 2901, trial courts must be vigilant and alert to circumstances that suggest gamesmanship.[24] No parent is free to invoke the termination of parental rights process to commandeer a dispute that belongs properly in custody court.

That said, it remains true that *M.E.L.* imposed a restriction that the statutory text does not bear. Reviewing the language of Section 2901, we see that the General Assembly chose to vest broad authority to excuse compliance with statutory requirements. To date, this Court has examined Section 2901 in the context of the relinquishment requirement of Section 2711, but nothing in the statute's broad language and catch-all provision suggests that it does not apply to other Adoption Act requirements, including the adoption provision of Section 2512.

The *M.E.L.* Court construed the requirement for cause shown to constitute a requirement for a showing of legal impediment. That interpretive decision flowed from precedent that addressed parties who were not legally entitled to marry. But those cases

---

[20]    *Id.* at 139.

[21]    *Id.* at 134.

[22]    *Id.* at 138.

[23]    *Id.*

[24]    *See id.* at 138-39; *see also M.R.D.*, 145 A.3d at 1133-35 (Wecht J. concurring); *C.M.*, 255 A.3d at 372-83 (Wecht J., concurring and dissenting).

did not rest upon the impossibility of marriage as a "prerequisite to invocation of the cause shown provision in Section 2901."[25]  Put simply, the statute uses the phrase "cause shown," not "legal impediment."  While a legal impediment surely would be (and is) an *example* of cause, it is not a synonym for it.  Cause is a broader term.[26]  It includes situations that do not rise to the level of impossibility.[27]

Here, the trial court appears to have looked closely at whether Mother demonstrated cause to excuse the statutory requirement of a pending adoption.  The trial court determined that Mother met her burden and that the termination of Father's parental rights was in the child's best interests.  I would accept Mother's invitation to reconsider *M.E.L*, and I would reverse that precedent and remand this case.

---

[25]     *M.E.L.*, 298 A.3d at 136-37 (reviewing holdings in *R.B.F.* and *M.R.D.*).

[26]     *See* Black's Law Dictionary (12th ed. 2024) ("CAUSE . . . good cause . . . A legally sufficient reason. • Good cause is often the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.").

[27]     Thus, I dissented from the *M.E.L.* Court's holding.  However, because the trial court did not require the mother to meet her burden to prove that cause was shown to excuse the statutory requirement, I agreed that the Superior Court was correct to remand the case for further proceedings.  *M.E.L.*, 298 A.3d at 139-40 (Wecht, J., concurring and dissenting).